***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted June 1, affirmed August 24, 2022, petition for review denied January 19, 2023 (370 Or 714)

AARON JAMES CRIPE,
*Petitioner-Appellant,*

*v.*

Tyler BLEWETT,
Acting Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
17CV26718; A173710

J. Burdette Pratt, Senior Judge.

Harrison Latto filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Petitioner appeals from a judgment denying him post-conviction relief after an evidentiary hearing before the post-conviction court. The court concluded that petitioner had not proved any of his claims. Petitioner raises two assignments of error. For the reasons briefly discussed below, we reject both. As a result, we affirm the post-conviction judgment.

"A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We provide just some of the key facts, consistently with that standard, because a complete recitation of the facts would not benefit the bench, the bar, the public, or the parties before us.

In the underlying criminal proceeding, petitioner was found guilty by a jury of 11 sexual crimes against a minor victim. One of the most serious charges, which resulted in a conviction, alleged that petitioner had unlawfully sexually penetrated the victim when she was under 12 years old. The conviction for unlawful sexual penetration of a victim under 12 years old results in a mandatory minimum sentence of 300 months' imprisonment. ORS 137.700(2)(b)(F). The unlawful sexual penetration of a victim under 14 years old carries a lesser 75-month minimum prison term. ORS 137.700(2)(a)(P). The state presented evidence that all of the sexual crimes against the victim spanned a period occurring both before and after the victim had turned 12 years old. As to the sexual-penetration charge in particular, the state presented evidence that petitioner digitally penetrated the victim on a certain date when she was 11 years old but "just shy" of turning 12. As noted, the jury found petitioner guilty of that charge in the criminal proceeding. Petitioner appealed, and we affirmed the trial court's judgment without opinion. *State v. Cripe*, 276 Or App 610, 369 P3d 450, *rev den*, 360 Or 465 (2016).

Petitioner then filed the petition for post-conviction relief that underlies this appeal. In his post-conviction petition, petitioner alleged in five claims that trial counsel's representation was constitutionally inadequate and ineffective

and that trial counsel's errors prejudiced petitioner. In his second claim for relief, petitioner alleged that trial counsel was inadequate and ineffective in failing to present the testimony of an expert to cast doubt on the state expert's testimony regarding DNA found on the victim's shirt. In his third claim for relief, petitioner alleged that counsel was inadequate and ineffective in eliciting responses from the victim during cross-examination that opened the door to the admission of the victim's diary. Petitioner alleged that that evidence helped to establish that the victim had been sexually penetrated before her twelfth birthday, leading to a conviction of first-degree unlawful sexual penetration and the imposition of a 300-month minimum prison term.[1] After an evidentiary hearing, the post-conviction court denied both of those claims.

As to the second claim for relief, the post-conviction court found that petitioner's trial counsel had consulted with a DNA expert. The court determined that counsel had made a tactical choice that it would be better to use that consultant's advice to attack the state's experts on cross-examination than to have the consultant testify. Trial counsel averred that he was concerned that, if his consultant testified, the state would be able to obtain concessions from her that would be harmful to petitioner. The court concluded that trial counsel's tactical choice was a reasonable one that did not amount to inadequate or ineffective assistance of counsel. The court also concluded that petitioner did not suffer prejudice due to trial counsel's failure to call the consultant as an expert witness, because, among other things, trial counsel elicited the same information at trial from the state's experts that petitioner contends the consultant would have provided had she testified.

As to the third claim for relief, the post-conviction court concluded that petitioner did not prove that his trial counsel was inadequate or ineffective. The court concluded that trial counsel had made a reasonable tactical choice to question the victim about incentives that the victim's parents had offered her to disclose the abuse and testify. That line of questioning ultimately led to the admission of the

---

[1] Petitioner's other post-conviction claims are not at issue in this appeal.

victim's diary under OEC 801(4)(a)(B) to rebut the defense charge that she had recently fabricated her testimony. The post-conviction court concluded that trial counsel had made a reasonable tactical choice in pursuing that line of questioning to demonstrate that the victim's family had offered the victim incentives for her testimony, even if that questioning engendered the risk that the victim's diary might be admitted. The court observed that counsel believed he could keep the diary out of evidence but was cognizant that he was "toeing the line to opening the door."

The court also concluded that trial counsel's decision was not prejudicial in any event, because the victim had disclosed to the police—and the police then testified at the criminal trial—to an incident of digital sexual penetration that occurred on a specific date before the victim's twelfth birthday. The prosecution did not rely on the contents of the diary in closing argument to confirm the date of the sexual penetration charge.

We recently summarized the standards for proving inadequate and ineffective assistance of counsel claims under the Oregon and United States constitutions:

> "To establish that his trial counsel rendered inadequate assistance for purposes of Article I, section 11, [of the Oregon Constitution,] petitioner was required to prove two elements: (1) a performance element: that trial counsel failed to exercise reasonable professional skill and judgment; and (2) a prejudice element: that petitioner suffered prejudice as a result of counsel's inadequacy. A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment [to the United States Constitution]. To prevail on that claim, petitioner was required to demonstrate that trial counsel's performance fell below an objective standard of reasonableness and also that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022) (internal citations and quotation marks omitted). Reviewing the record and applying those standards, we affirm. The post-conviction court did not err in concluding that petitioner did not prove in either his second or third claim for

relief that trial counsel's performance fell below an objective standard of reasonableness. We therefore do not need to reach the issue of whether petitioner suffered prejudice as a result of trial counsel's performance.

Affirmed.