***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 22, 2022, affirmed February 1, petition for review denied April 20, 2023 (371 Or 21)

EFREN MANDOZA VALENCIA,
*Petitioner-Appellant,*

*v.*

Tyler BLEWETT,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
18CV39172; A175556

Patricia A. Sullivan, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Lagesen, Chief Judge, and Mooney, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a general judgment denying his petition for post-conviction relief from his convictions and sentences for six sex offenses against his two daughters, B and V, who did not disclose the abuse until they were adults. We review for legal error, accepting the post-conviction court's explicit and necessary implicit factual findings, provided those findings have evidentiary support. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2018). We affirm.

*Inadequate and ineffective assistance of counsel.* In his first assignment of error, petitioner contends that the post-conviction court erred in rejecting his claim that trial counsel was inadequate and ineffective under the state and federal constitutions for not objecting to alleged vouching testimony by the state's expert witness. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022) (stating standards for inadequate and ineffective assistance of counsel claims under the state and federal constitutions). To prevail on that claim, petitioner was required to demonstrate a prejudice element: that any deficiency in counsel's performance "could have tended to affect the outcome of the case." *Stau v. Taylor*, 302 Or App 313, 323, 461 P3d 255, *rev den*, 366 Or 827 (2020).

That standard is not satisfied here. In the challenged testimony, the expert opined in a general way that children tell the truth most of the time and can remember things that happen to them. Even if there might have been a basis for counsel to object to it, that testimony could not have tended to affect the jury's verdict. B and V were adults in their twenties when they disclosed the abuse and testified at trial; this case did not involve statements or testimony made by children. Under those circumstances, the jury would not have understood the expert's testimony to express an opinion regarding the credibility of either B or V. Petitioner therefore was not prejudiced by the inclusion of that testimony, regardless of whether there may have been grounds for objection.

*Actual Innocence.* In his second assignment of error, petitioner asserts that the post-conviction court erred by denying relief on his freestanding claim of actual innocence.

Petitioner's evidence in support of that contention is a district attorney's report reflecting that, several years after the trial, B made unsworn statements recanting her own accusations against petitioner; at the same time, B stated that V had told the truth and that B was the only one not being truthful.

As we have explained, a freestanding post-conviction claim of actual innocence, if cognizable, "would require [a] petitioner to demonstrate, at the very least, that newly discovered and reliable evidence makes it more likely than not that no reasonable juror could have found petitioner guilty beyond a reasonable doubt, when the new evidence is considered in the context of the record as a whole." *Reeves v. Nooth*, 294 Or App 711, 738, 432 P3d 1105 (2018), *rev den*, 364 Or 680 (2019). Petitioner's evidence here does not meet that standard. Apart from the fact that it provides no basis for concluding that petitioner is actually innocent of the crimes he was convicted of committing against V, B's recantation was not made under oath or in other circumstances that would allow the conclusion that it is reliable. *See id.* at 739 (concluding that an affidavit from an accomplice which was contradicted by other evidence at trial was "far from the type of reliable evidence" needed to establish an actual innocence claim).

Affirmed.