***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted March 10, affirmed April 19, petition for review denied
August 3, 2023 (371 Or 309)

DUSTIN LEE BROWN,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV41196; A177626

J. Burdette Pratt, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner pointed his rifle at the victim, a stranger to him, as the victim drove through petitioner's neighborhood. For that conduct, a jury found petitioner guilty—in 2017—of unlawful use of a weapon (UUW), menacing, and pointing a firearm at another. In this post-conviction proceeding, petitioner seeks relief from some or all of those convictions on the ground that his trial counsel rendered inadequate and ineffective assistance, in violation of his rights under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, in three respects: (1) in not canvassing the victim's neighborhood for witnesses who could impeach him; (2) in not advising him about the minimum sentence attached to the offense of UUW; and (3) in not challenging the trial court's decision to instruct the jury that it could convict defendant by a nonunanimous verdict, in view of the Supreme Court's later-decided opinion in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1396, 206 L Ed 2d 583 (2020), which held that the Sixth Amendment requires a unanimous verdict to support a conviction in state court. The post-conviction court denied relief. We review for legal error, accepting the post-conviction court's explicit and necessary implicit factual findings so long as those findings have evidentiary support, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), and affirm.

*Failure to canvass the victim's neighborhood.* Petitioner first assigns error to the post-conviction court's rejection of his claim that his trial counsel was inadequate and ineffective in failing to canvass the victim's neighborhood for witnesses who could have impeached the victim. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards for inadequate and ineffective assistance of counsel claims under the state and federal constitutions). Having considered counsel's reasons for not taking that approach, we agree with the post-conviction court's conclusion that counsel's failure to canvass the victim's neighborhood to look for impeachment witnesses was "legally and factually appropriate to the nature and complexity of the case" and, under the circumstances, would not be considered necessary to equip counsel

"to advise and represent the client in an informed manner." *Stevens v. State of Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995). In short, that decision was not a failure to "exercise [ ] reasonable professional skill and judgment." *Id.*; *see also Krummacher v. Gierloff*, 290 Or 867, 874, 627 P2d 458 (1981) (clarifying that trial counsel are not required to "expend time and energy uselessly or for negligible potential benefit under the circumstances of the case").

*Failure to advise petitioner regarding the minimum sentence for UUW*. Petitioner next assigns error to the post-conviction court's denial of relief on his claim that trial counsel was inadequate and ineffective in not advising him regarding the minimum sentence connected to the offense of UUW. Petitioner asserts that he was prejudiced by the alleged deficient advice on likely sentencing for a jury con-viction because, had he known of the potential outcome, he would have settled the case. *See Smith*, 318 Or App at 568-69 (explaining performance and prejudice requirements for inadequate and ineffective assistance of counsel claims). The post-conviction court rejected that theory of prejudice, finding that petitioner had not proved it: "Petitioner did not prove that he had any interest in or any opportunity to set-tle the case without going to trial." That determination is supported by the record and binds us on appeal. *See Rowen v. Gonenne*, 274 Or App 803, 814, 362 P3d 694 (2015) (appel-late court is bound by a trial court's finding that a party's evidence is not sufficiently persuasive).

*Nonunanimous jury verdict instruction*. Petitioner's third and fourth assignments arise from his contention that trial counsel performed deficiently by not objecting to the trial court's jury instruction allowing for a nonunanimous verdict and thereby not preserving an argument regarding that instruction's constitutionality. Petitioner separately assigns error to the post-conviction court's conclusion that counsel was not deficient for "failing to preserve a nonunan-imous jury issue" and for "failing to advise regarding the risk of a nonunanimous jury." Petitioner combines argument on those two assignments of error because, according to peti-tioner, they present the same legal question. He argues that counsel "should have anticipated" the holding of *Ramos*, 590 US at ___, 140 S Ct at 1396, that the Sixth Amendment

right to a jury trial requires a unanimous verdict to support a conviction in state court. Relief on those grounds is foreclosed by *Smith*, 318 Or App at 569, where we held that neither Article I, section 11, of the Oregon Constitution nor the Sixth and Fourteenth Amendments to the United States Constitution require counsel to foresee that the United States Supreme Court would later reverse course in terms of unanimous jury verdicts.

*Cumulative error.* Finally, plaintiff contends that he was prejudiced by the cumulative effect of counsel's alleged deficiencies. The post-conviction court denied relief on that theory based in part on its finding that petitioner "did not prove that he is entitled to post-conviction relief because of cumulative error." Setting aside the question whether cumulative error is a viable theory of relief, petitioner has not demonstrated that the post-conviction court's finding that he failed to prove cumulative error was erroneous.

Affirmed.