***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied February 15, 2024 (372 Or 63)

BUDDY DEAN HOWERTON,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV29487; A177751

Claudia M. Burton, Senior Judge.

Margaret Huntington and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. We affirm.

Petitioner was charged, in three cases, with 44 counts of burglary, theft, assault, sodomy, sexual penetration, sexual abuse, attempted rape, and other serious offenses. The state made a plea offer in which petitioner would plead guilty to 12 of the charges and the state would dismiss the remaining 32 charges. Petitioner's trial counsel advised him that, if he rejected the plea and elected to go to trial, he could be convicted by a nonunanimous jury.[1] Given that understanding, petitioner agreed to plead guilty and waive, among other things, his Sixth Amendment right to a jury trial. In 2004, the trial court accepted petitioner's plea and entered a judgment accordingly.

In 2021, petitioner filed for post-conviction relief based on *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that the Sixth Amendment to the United States Constitution requires unanimous jury verdicts in state criminal proceedings). He alleged two claims for relief. First, he alleged that his trial counsel was constitutionally inadequate for failing to foresee in 2004 that Oregon's nonunanimous jury provision was likely to be held unconstitutional in the future and to advise him of that possibility. Second, petitioner alleged that he did not knowingly and intelligently waive his right to a jury trial when he pled guilty because he understood, incorrectly it later turned out, that he could be convicted by a nonunanimous jury.

The post-conviction court rejected both claims, which petitioner renews on appeal. We affirm the post-conviction court's judgment. Our decision in *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), answers petitioner's first claim for relief, and our

---

[1] Petitioner testified that his trial counsel had advised him that he could be convicted by a nonunanimous jury if he elected a jury trial. Although the post-conviction court found that it did not "particularly" believe petitioner's testimony, it assumed that he accurately recounted his trial counsel's advice. We make the same assumption.

decision in *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023), decided this date, answers his second.[2]

Affirmed.

---

[2] The post-conviction court appears to have denied petitioner's second claim for relief on the ground that *Ramos* does not apply retroactively, a ground that the state concedes is no longer valid. *See Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022). However, the state asserts that the post-conviction court's ruling can be affirmed on an alternative ground—namely, the reasoning stated in *Brady v. United States*, 370 US 742, 90 S Ct 1463, 25 L Ed 2d 747 (1970), which we followed in *Peeler*. Petitioner does not dispute that the "right for the wrong reason" doctrine is applicable. He disagrees with the merits of the state's argument, but he never explains why the reasoning in *Brady* is not controlling.