No. 616 November 29, 2023 301

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JONATHAN REESE MORGAN,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV43868; A179301

J. Burdette Pratt, Senior Judge.

Submitted October 31, 2023.

Jason Weber and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from convictions for six counts of first-degree encouraging child sex abuse; the convictions were entered on petitioner's 2015 guilty pleas. On appeal, we review the post-conviction court's denial of relief for legal error, accepting the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Reviewing under that standard, we affirm.

The state charged petitioner with 26 counts of encouraging child sex abuse for possessing and distributing videos depicting child sex abuse—13 of those counts were in the first degree and the other 13 were in the second degree. Petitioner pleaded guilty to six first-degree counts. In exchange, the state dropped the remaining 20 counts. Petitioner received a dispositional departure to 36 months of probation. The dispositional departure was contingent on petitioner complying with the conditions of his probation. If he deviated from those conditions, the trial court would revoke petitioner's probation and sentence him to 201 months, as provided in the plea agreement. Petitioner violated his probation conditions a few months after pleading guilty. The trial court revoked petitioner's probation and sentenced him to a 201-month prison term.

After an unsuccessful first attempt at post-conviction relief, petitioner initiated the present post-conviction proceeding. He seeks relief from his 2015 guilty pleas on the ground that his criminal trial counsel rendered constitutionally inadequate and ineffective assistance of counsel in violation of both the state and federal constitutions, because counsel did not advise him that he could object to a nonunanimous jury instruction or that Oregon's nonunanimous jury rule would one day be overturned. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards for inadequate and ineffective representation under both constitutions). Petitioner's claim is foreclosed by our decision in *Smith*. 318 Or App at 568-69 (holding that trial counsel was not inadequate or ineffective in 2015 for failing to foresee *Ramos*). Petitioner also seeks relief on the ground that his guilty plea is invalid because

he did not know, when he made his plea, that the United States Supreme Court would overturn Oregon's nonunanimous jury rule. That claim fails under *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023) (pre-*Ramos* waiver of jury right knowing and intelligent because the petitioner was correctly informed about his Sixth Amendment rights under controlling law at the time of waiver).

Affirmed.