No. 626 November 29, 2023 333

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

AIRIAN JOVAN MISURACA,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Marion County Circuit Court
20CV30443; A177638

Thomas M. Hart, Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant. Airian Misuraca filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals the denial of post-conviction relief for his 2001 guilty pleas for the crimes of rape in the third degree and furnishing alcohol to a person under 21 years of age. He alleges that his trial counsel rendered unconstitutionally ineffective assistance of counsel in failing to advise him that the jury would be required to reach a nonunanimous verdict, and, if a verdict was nonunanimous, he could challenge the constitutionality of that verdict on appeal. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (concluding that the Sixth Amendment to the United States Constitution requires that a jury reach a unanimous verdict to convict someone of a felony). He further contends that his guilty plea and attendant waiver of his right to a trial by jury was not knowing or voluntary because of trial counsel's inadequate advice. The post-conviction court granted the state's motion for summary judgment, concluding that petitioner's claims were time-barred, and, in any event, fail on the merits. We review the post-conviction court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

On appeal, petitioner contends that his untimeliness should be excused under the statutory "escape clause" contained in ORS 138.510 and that he should prevail on the merits. Assuming, however, that petitioner qualifies for the statutory escape clause that would excuse the petition's untimeliness, his claims for post-conviction relief are foreclosed by several of our recent decisions. *See Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (holding that trial counsel do not perform deficiently by failing to advise regarding the unanimity issue before *Ramos* was litigated); *Peeler v. Reyes*, 328 Or App 110, 119, 537 P3d 206 (2023) (petitioner's pre-*Ramos* guilty plea was knowing and intelligent because he was correctly informed about the scope of the Sixth Amendment right at the time of his plea).

Affirmed.