340 November 29, 2023 No. 629

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RONNIE LEE,
aka Ronnie Lee, Jr.,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV19913; A179419

J. Burdette Pratt, Senior Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief (PCR). He assigns error to the post-conviction court's determination that his trial counsel was not constitutionally ineffective for failing to call petitioner's sister as a witness and failing to advise petitioner that he could not be convicted unless the jury reached a unanimous verdict, rendering his waiver of a jury trial not knowing or voluntary. On appeal, we review the post-conviction court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We affirm.

Petitioner was convicted of multiple counts of kidnapping, rape, sodomy, assault, and unlawful sexual penetration relating to a six-week period where he held the victim, K, against her will. He now contends that his trial counsel's failure to call his sister as a witness amounted to inadequate and ineffective assistance of counsel under the Oregon and federal constitutions. In support of that claim, petitioner submitted a declaration from his sister describing a several-day period when she and her husband visited petitioner and "never saw anyone that appeared to have been beaten, in disarray, or held captive." The PCR court observed that the sister's "carefully crafted" declaration "states what she *did not see* but makes no mention of whether or not she had any contact with" K, and her declaration actually "substantiates much of the state's case against [p]etitioner." Thus, the PCR court concluded that trial counsel was not unreasonable in deciding not to call her as a witness.

We agree. The jury heard substantial evidence about the efforts taken to keep K hidden and silent when anyone visited the house, and thus, petitioner's sister's declaration would not have materially undermined the state's case. Petitioner contends that the declaration would have damaged K's credibility, but that conclusion is far from certain on this record. Therefore, trial counsel could have reasonably determined that the risks of presenting this testimony outweighed the benefits.

We also reject petitioner's remaining claims relating to trial counsel's failure to advise regarding the Sixth Amendment's jury unanimity requirement claims for relief, which, as petitioner acknowledges, are foreclosed. *See Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (holding that trial counsel do not perform deficiently by failing to advise regarding the unanimity issue before *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), was litigated).

Affirmed.