No. 640 December 6, 2023 417

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOSEPH WEHAGE,
*Petitioner-Appellant*

*v.*

ERIN REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
18CV02186; A178341

J. Burdette Pratt, Senior Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

TOOKEY, J.

Denial of claim for post-conviction relief regarding nonunanimous jury verdicts on Counts 1 and 5 reversed and remanded; otherwise affirmed.

**TOOKEY, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief, raising two assignments of error. In his first assignment of error, petitioner contends that the post-conviction court erred in denying Claim 2, in which petitioner asserted that his trial counsel was inadequate under Article I, section 11, of the Oregon Constitution and ineffective under the Sixth and Fourteenth Amendments to the United States Constitution. In his second assignment of error, petitioner contends that the post-conviction court erred in denying Claim 5, in which petitioner sought reversal of his nonunanimous jury verdicts under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Accepting the post-conviction court's supported implicit and explicit factual findings, and reviewing for legal error, *see Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we reverse and remand in part, and otherwise affirm.

The state charged petitioner with eleven counts of sodomy and sexual abuse. A jury convicted petitioner unanimously on nine counts (Counts 2 through 4 and Counts 6 through 11) and nonunanimously on two counts (Counts 1 and 5). Petitioner then appealed to this court, we affirmed without opinion, and we entered judgment. Petitioner then brought five claims for post-conviction relief, including, as relevant on appeal, Claims 2 and 5. In Claim 2, petitioner alleged inadequate and ineffective assistance of counsel, because petitioner's trial counsel did not offer evidence of petitioner's physical disabilities at trial. The post-conviction court denied relief as to Claim 2, because it determined that petitioner failed to establish that trial counsel's conduct fell below the reasonable professional standard. In Claim 5, petitioner argued for reversal of his two nonunanimous jury convictions on Counts 1 and 5. The post-conviction court denied relief as to Claim 5, because it determined that case law did not support retroactive relief under the Post-Conviction Hearing Act and *Ramos*. Petitioner now appeals the post-conviction court's denial of Claim 2 and Claim 5.

*Petitioner's First Assignment of Error.* As noted, petitioner assigns error to the post-conviction court's denial

of Claim 2. In Claim 2, petitioner alleged violations of his constitutional rights under Article I, section 11, and the Sixth and Fourteenth Amendments on the basis that trial counsel was inadequate and ineffective "for failing to present evidence of petitioner's physical disabilities," including testimony from petitioner's wife. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822, 525 P3d 860 (2023) (stating standards for inadequate and ineffective assistance of counsel claims under the state and federal constitutions).

At trial, the victim, who was 11 or 12 years old at the time of petitioner's conduct, used the verb "throw" for the first time when describing petitioner's conduct. In petitioner's view, petitioner's trial counsel should have presented evidence of petitioner's physical disabilities, which would have contradicted that testimony from the victim.

The post-conviction court explained that the only way to counter the victim's "throwing" testimony would have been for petitioner or his wife to testify as to petitioner's physical disabilities, and that petitioner had chosen not to testify. Regarding petitioner's wife, the post-conviction court determined that petitioner's trial counsel made the strategic decision not to call petitioner's wife as a witness, and that that decision was reasonable under the circumstances: Calling petitioner's wife could have opened the door to other issues that counsel "did not want to get into." Moreover, given information in petitioner's medical records, which counsel had access to, reasonable counsel could conclude that petitioner's wife's description of the extent of petitioner's physical disabilities was not credible, and could decline to call her as a witness for that reason. We conclude that the post-conviction court did not err in determining that counsel's decision not to call petitioner's wife was a reasonable, strategic decision under the circumstances.

On appeal, petitioner now contends his trial counsel should have found another way to introduce petitioner's medical records. That argument was not preserved, but, in any event, we conclude that trial counsel was not inadequate or ineffective for failing to introduce the medical records. In view of the post-conviction court's finding that the only way

for petitioner to rebut the "throwing" testimony was for petitioner or his wife to testify, we do not understand petitioner's medical records to support his argument.

Thus, we reject petitioner's challenge to the post-conviction court's denial of petitioner's Claim 2 for inadequate and ineffective assistance of counsel.

*Petitioner's Second Assignment of Error.* Petitioner assigns error to the post-conviction court's denial of Claim 5 for retroactive relief under *Ramos* and reversal of petitioner's two nonunanimous jury convictions. The state concedes that, in light of *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), the post-conviction court erred.[1] We agree and accept that concession.

In *Ramos*, the United States Supreme Court held that the Sixth and Fourteenth Amendments require jury unanimity for a conviction in state court. 590 US at 1397. In *Watkins*, the Oregon Supreme Court held that *Ramos* applies retroactively in a post-conviction proceeding under Oregon's Post-Conviction Hearing Act, ORS 138.510 to 138.680. 370 Or at 607. We therefore reverse the post-conviction court's denial of petitioner's Claim 5, and remand for further proceedings.

Denial of claim for post-conviction relief regarding nonunanimous jury verdicts on Counts 1 and 5 reversed and remanded; otherwise affirmed.

---

[1]     We note that *Watkins* was decided after the post-conviction court's denial of petitioner's claims.