No. 120        February 22, 2024        129

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MATTHEW TAYLOR SMITH,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Deschutes County Circuit Court
20CV27152; A179989

Michelle A. McIver, Judge.

Submitted  January 30, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from his conviction, by a jury, for one count each of luring a minor, first-degree online sexual corruption of a child, and attempted second-degree sexual abuse. He argues that his trial counsel was constitutionally ineffective for failing to object to a police detective's testimony regarding petitioner's grooming of the victim, because, according to petitioner, the detective's testimony was scientific evidence for which the state did not establish an adequate foundation. We review the judgment of the post-conviction court for legal error. *Green v. Franke*, 357 Or 301, 312, 250 P3d 188 (2015). We accept the court's supported implicit and explicit factual findings. *Id*. We affirm.

When petitioner was 24 years old, he saw a girl at a restaurant and left her a note with his phone number and suggesting, in the words of the note, a "hookup." *State v. Smith*, 300 Or App 101, 102, 452 P3d 492 (2019), *rev den*, 366 Or 257 (2020). The girl's mother reported the incident to police and gave the note to police officers. *Id*. Officers then sent text messages to petitioner in which they impersonated the girl and told him that she was 15 years old. *Id*. Petitioner responded with several sexually explicit comments and requests in which he expressed interest in having sex with the supposed sender of the messages. In all, petitioner and the ostensible girl exchanged 308 text messages over two days. In those messages, petitioner told the "girl" early on to keep their communications secret. Petitioner's messages escalated in their explicitness, starting with calling the girl "pretty cute" and later turning into graphic "sexting." In particular, petitioner and the ostensible girl exchanged photos of their genitals (the officers used pictures of nude adult women found online), and petitioner proposed that they meet for oral sex. Ultimately, petitioner and the ostensible girl arranged a time and place to meet for oral sex. *Smith*, 300 Or App at 102. Police officers arrested petitioner when he arrived at the agreed-upon location. *Id*. The state later charged him with luring a minor, first-degree online sexual corruption of a child, and attempted second-degree sexual abuse. *Id*.

Petitioner exercised his right to a jury trial. At trial, the state introduced the text messages as evidence and called a detective, who had impersonated the girl in the text messages, to the stand. *Id*. The detective explained his extensive experience as a police officer in the investigation of—as relevant here—crimes against children. The detective then testified that he had investigated cases similar to petitioner's in the past, and that, based on that experience, petitioner had engaged in "grooming" the impersonated girl through his interactions with her. *Smith*, 300 Or App at 102-03. Petitioner's defense counsel did not object to the detective's testimony. Petitioner also testified and admitted that he sent the text messages, that he knew the ostensible girl was underage, and that he agreed to meet the girl for oral sex. Given the evidence of his conduct, rather than dispute the facts underlying the charges, petitioner raised the defense of entrapment. The jury later returned a verdict finding petitioner guilty of the charged crimes. *Id.* at 102.

Petitioner appealed. On appeal, he argued that the trial court plainly erred when it did not *sua sponte* strike the detective's testimony that petitioner engaged in "grooming" through the text messages because, according to petitioner, that testimony about "grooming" was scientific evidence for which the state did not lay an adequate foundation to admit. *Id*. We held that the trial court did not err because the assertion that the detective's testimony was scientific evidence was not beyond reasonable dispute, so the trial court did not plainly err in not striking the detective's testimony. *Id*. at 105.

Petitioner then initiated the current post-conviction proceeding. He argued, as he does on appeal, that his defense counsel was ineffective and inadequate under the state and federal constitutions for failing to object to the detective's allegedly improper "grooming" testimony because a criminal defense attorney exercising reasonable professional skill and judgment would have objected to that testimony on the basis that it was scientific testimony for which the state had not laid an adequate foundation. The post-conviction court

denied relief, concluding that petitioner had proved neither deficient performance nor prejudice. Petitioner appealed.

As noted, petitioner asserts that his counsel's performance was inadequate and ineffective under both the state and federal constitutions. The standards for post-conviction relief under both the state and federal constitutions are "functionally equivalent": a petitioner must show that defense counsel performed deficiently, and that the petitioner suffered prejudice as a result of the deficient representation. *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). To demonstrate prejudice in circumstances where, as here, a petitioner claims their counsel was ineffective for failing to object to the admission of evidence, "a petitioner must establish that the objection would have been well taken" at trial, and that "the admission of the [alleged] objectionable evidence had a tendency to affect the jury's verdict." *Logan v. State of Oregon*, 259 Or App 319, 327, 313 P3d 1128 (2013), *rev den*, 355 Or 142 (2014). And, "any potential prejudice from the admission of [the alleged objectionable] testimony must be considered in light of petitioner's theory of defense." *Wright v. Nooth*, 264 Or App 329, 334, 336 P3d 1, *rev den*, 356 Or 517 (2014).

Here, the post-conviction court did not err in determining that petitioner had not demonstrated that the alleged deficiency in counsel's handling of the detective's alleged grooming testimony prejudiced petitioner. The evidence before the jury included the 308 text messages exchanged between petitioner and the undercover officers. Those messages allowed the jury to see for itself petitioner's increasingly sexually explicit comments to, and sexually explicit requests from, the "girl" and his agreement to meet her for oral sex, along with petitioner's communications encouraging her to engage in a sexual relationship with him. The jury also heard petitioner's testimony in which he admitted to sending the text messages submitted into evidence, that he knew the girl was underage, that he thought it was acceptable to engage in the texts, and that he agreed to meet the underage "girl" for the purpose of receiving oral sex from her.

In light of that uncontroverted evidence of petitioner's conduct, petitioner's trial counsel focused on a defense of entrapment and did not dispute that petitioner solicited sex from the presumed teenage girl. Petitioner's counsel outlined this defense to the jury in closing argument, explaining that the police officers posing as the girl induced petitioner to engage in the acts, and that petitioner did not have a predisposition to engage in sexual acts with minors.

Given the nature and content of the evidence before the jury about petitioner's guilt, had his trial counsel objected to the detective's testimony, the objection could not have tended to affect the jury's verdict. *Logan*, 259 Or App at 327; *Green*, 357 Or at 332-33. The grooming testimony was not probative of whether petitioner had been entrapped. And given the jury's ability to view firsthand petitioner's communications with the ostensible 15-year-old, and petitioner's admission to the conduct, there is no likelihood that it affected the jury's determination that petitioner committed the underlying criminal conduct.

Affirmed.