No. 134 February 22, 2024 179

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CHRISTOPHER RICHARD PRUITT,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV18903; A177918

J. Burdette Pratt, Senior Judge.

Submitted January 30, 2024.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Affirmed.

**DeVORE, S. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. He argues that his defense lawyer in the underlying trial provided constitutionally inadequate representation, causing him prejudice, because his defense lawyer failed to object in the rebuttal portion of the prosecutor's closing argument, which invoked common sense and referenced the behavior of victims of domestic violence. On appeal, we review for errors of law and, if there is constitutionally sufficient evidence, accept the implicit and explicit factual findings of the post-conviction court. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). For the reasons that follow, we affirm.

In the underlying case, petitioner was charged with 16 counts of physical and sexual violence against his girlfriend over an eight-month period. In a bench trial, the victim testified to the violence and, on cross-examination, admitted that, after petitioner's arrest, she had posted $250 in petitioner's account at the jail. She explained that she and the children "had nothing"; that the money was petitioner's; that she and the children needed to "completely re-outfit and re-start [their] lives"; that she felt sorry for petitioner; and that it was "only fair" to put some of petitioner's money in his jail account.

In closing arguments, petitioner's trial counsel attacked the victim's credibility. Counsel argued that the victim was not credible to say she feared petitioner might get out and hurt her or the children, because she put money in his jail account. Counsel acknowledged that there are domestic violence victims who will return to their abuser over and over; but counsel argued that there was no evidence about the behavior of victims of domestic violence, and that the trial court, sitting as factfinder, could rely on its own common sense, judgment, and experience, when assessing the situation.

In the rebuttal argument, the prosecutor responded:

"We heard extensive testimony on this domestic violence that had been going on for months. It's not uncommon or unusual for a victim of domestic violence to still be involved

and do things with the perpetrator of that violence, things like putting money on their books while they're in jail. The victims know—she—we heard [the victim] talk about being in fear about the defendant getting out of jail and what was going to happen when he came home.

"* * * * *

"Well, Your Honor, it doesn't take an expert to understand what was going on. The defendant had the victim so beaten down, so physically beaten up and sexually assaulted on a regular basis, that she was in fear."

Defense counsel did not object, nor move for a mistrial, based on the prosecutor's reference to the behavior of victims of domestic violence.

The trial court acquitted petitioner of five counts but convicted him of first-degree sodomy, fourth-degree assault, harassment, and other charges. Petitioner appealed, contending that the trial court plainly erred by failing to strike the prosecutor's comments or by failing to grant a mistrial. We affirmed without opinion, and the Supreme Court denied review. *State v. Pruitt*, 300 Or App 403, 450 P3d 1055 (2019), *rev den*, 366 Or 205 (2020).

Petitioner initiated this proceeding, contending that trial counsel was ineffective for failing to object to the prosecutor's reference to the behavior of victims or for failing to move for a mistrial based on the remark. The post-conviction court found that petitioner failed to prove that, under the circumstances, all reasonable counsel would have objected; and the court further found that petitioner had failed to prove prejudice. Petitioner appeals and renews his arguments.

The standard for post-conviction relief under both state and federal constitutions are "functionally equivalent." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). That is, a petitioner must show that defense counsel performed deficiently by failing to exercise reasonable professional skill and judgment and that petitioner was prejudiced as a result of the deficient representation. *Id.*

We agree with the conclusions of the post-conviction court. Given that trial counsel challenged the victim's credibility by pointing to the behavior of other victims and asked the trial judge to employ its common sense and judgment based on knowledge of that behavior, counsel reasonably could decline to object to the prosecutor's corresponding comments in rebuttal. Further, in the context of a bench trial, counsel reasonably could conclude that an objection would not be necessary because counsel could trust that the trial judge would understand that the arguments of counsel are not evidence. For the same reasons, the post-conviction court's determination that petitioner did not establish prejudice is correct. That is so because, notwithstanding the lack of a specific objection to the prosecutor's argument, defense counsel pointed out to the trial court that there was no evidence about other victims in the record. The thrust of the arguments of both defense counsel and the prosecutor was only to ask that the trial court rely on common sense in assessing the credibility of the victim in the situation, and there is no likelihood that the trial court treated the arguments as anything but argument or otherwise impermissibly based its decision on facts not in evidence.

Accordingly, the judgment of the post-conviction court is affirmed.

Affirmed.