No. 356　　　　　May 30, 2024　　　　　779

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOSE VALENCIA,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV24519; A180408

J. Burdette Pratt, Judge.

Submitted April 22, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Joyce, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from convictions for murder and attempted second-degree assault. The post-conviction court denied relief on petitioner's claim related to a psychological evaluation, determining that petitioner had failed to prove that trial counsel's performance was deficient and failed to prove prejudice. Petitioner assigns error to that ruling.

Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm. *See also Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards governing claims for inadequate and ineffective assistance under the state and federal constitutions).

Before trial, petitioner's trial counsel obtained a psychological evaluation of petitioner, but petitioner asserts that his trial counsel failed to exercise reasonable professional skill and judgment because a second, more comprehensive, psychological evaluation would have resulted in a better understanding of petitioner's ability to stand trial, as well as better evaluated his eligibility for mitigation and mental health defenses. Specifically, petitioner argues that the second evaluation would have shed more light on his cognitive abilities and memory, and how both affected his ability to assist his attorney and his ability to stand trial. Petitioner also argues that he has established prejudice as his "[trial] counsel's deficient performance could have tended to affect the outcome of the case," as the more detailed information was necessary to determine petitioner's "ability to consult with an attorney," and whether he had "a rational understanding of the proceedings" and "a factual understanding of the proceedings."

The superintendent responds that trial counsel was reasonable in relying on the determination in the first psychological evaluation that petitioner could "aid and assist counsel" and was "not required to second-guess that opinion and seek a second expert." The superintendent also contends that petitioner failed to demonstrate that trial counsel's

decision not to obtain a second psychological evaluation prejudiced him.

We have considered petitioner's arguments within the context of this case, and reviewed the record, and we agree with the superintendent that the post-conviction court did not err in denying relief on the grounds that petitioner had failed to prove that trial counsel's performance was deficient and failed to prove prejudice.

Affirmed.