512 October 16, 2024 No. 734

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CODY DEBONE,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Acting Superintendent,
Warner Creek Correctional Facility,
*Defendant-Respondent.*

Lake County Circuit Court
21CV03672; A177451

Stephen P. Forte, Judge.

Submitted December 13, 2023.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

LAGESEN, C. J.

Reversed and remanded.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from his conviction for criminal mistreatment of his four-year-old son pursuant to a guilty plea. Petitioner contends that his trial counsel was inadequate and ineffective, in violation of his state and federal constitutional rights, by failing to advise him of the defense provided by ORS 161.205(1)(a), which allows for a parent to use reasonable physical force to discipline a child. The post-conviction court denied relief, concluding that petitioner had not demonstrated that he was prejudiced by counsel's alleged failure to advise about the defense. Because the court applied an incorrect legal standard in determining that petitioner was not prejudiced, we reverse and remand.

We review the post-conviction court's judgment for legal error and accept the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In this appeal, the facts are procedural, making our focus whether the post-conviction court's application of the law was correct.

The standards for post-conviction relief under both the state and federal constitutions are "functionally equivalent": a petitioner must show that defense counsel performed deficiently and that the petitioner suffered prejudice as a result of the deficient representation. *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). To prove prejudice where, as here, a petitioner alleges that counsel's inadequate advice affected the petitioner's decision to plead guilty, the petitioner must establish by a preponderance of the evidence that (1) counsel's advice was deficient, and (2) but for counsel's deficient advice, the petitioner would not have pleaded and would insisted on a trial. *Peeler v. Reyes*, 328 Or App 110, 115, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024); *see also Martin v. Kelly*, 328 Or App 98, 107-08, 537 P3d 200 (2023) (prejudice inquiry in this context requires post-conviction court to determine how the deficiency in performance affected the petitioner's decision to enter a plea and forgo the right to a trial).

As noted, petitioner contends that he is entitled to relief based on his lawyer's alleged failure to advise him that

ORS 161.205(1)(a) offered a potential defense to the charge. There is conflicting evidence on that point, and the post-conviction court never resolved the dispute because it determined that petitioner had not shown that he was prejudiced by counsel's alleged failure to advise petitioner regarding the defense. As petitioner correctly observes, the court's prejudice analysis did not address the specific inquiry required to ascertain prejudice in this context: whether petitioner would have exercised his right to a jury trial if he had been properly advised about the defense. *Peeler*, 328 Or App at 115; *Martin*, 328 Or App at 107-08. Rather than focusing on the potential effect of counsel's allegedly deficient advice on petitioner's own decision-making process, the court's analysis focused more broadly on the general question of whether the alleged deficiency tended to affect the outcome of the case.

The superintendent observes that "the court's speaking ruling is not a model of clarity" but urges us to conclude that it applied the correct legal standard. Having reviewed the record, we are unable to reach that conclusion for the reasons stated above. In the alternative, the superintendent argues that it is appropriate to remand for the court to assess prejudice under the correct legal standard and, if necessary, "resolve the factual dispute on whether trial counsel advised petitioner about the defense of justifiable physical force." We agree with that proposed disposition.

Reversed and remanded.