606 July 2, 2025 No. 589

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

GREGORY WESTON CAPWELL,
*Petitioner-Appellant,*

*v.*

COREY FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV43311; A181410

Claudia M. Burton, Senior Judge.

Submitted May 21, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant. Gregory Weston Capwell filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner was convicted of first-degree murder in 2018, for killing a man in a restaurant parking lot while employed as a private security guard. Petitioner appeals a judgment denying him post-conviction relief. In a counseled assignment of error, he claims that his trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to effectively argue self-defense to the jury. In a supplemental *pro se* assignment of error, petitioner claims that his trial counsel provided inadequate and ineffective assistance in several other regards. The superintendent maintains that the post-conviction court did not err in denying relief.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, having considered all of the arguments, we conclude that the post-conviction court did not err in denying relief.

Petitioner claims in his counseled assignment of error that trial counsel provided constitutionally inadequate and ineffective assistance by failing to effectively explain self-defense to the jury and making statements that were either inconsistent with that defense or confused the issues that the jury had to decide. On this record, we agree with the superintendent that the post-conviction court did not err in rejecting petitioner's claim based on both the performance prong and the prejudice prong. That is, the post-conviction court did not commit legal error in concluding that petitioner had not established either deficient performance or prejudice.

In his supplemental *pro se* assignment of error, petitioner argues that his trial counsel provided constitutionally inadequate and ineffective assistance by failing to move to exclude or limit use of the surveillance video at trial, by failing to meaningfully discuss with petitioner whether he should testify at trial given his self-defense defense, by failing to bring out at trial that petitioner was contractually obligated to guard the restaurant's property and to order individuals engaging in disruptive or disorderly conduct to leave and not return, and by failing to bring out at trial that petitioner had urgently tried to obtain back-up before the shooting. Petitioner does not meaningfully engage with the post-conviction court's reasoning for denying those claims. He has not identified, nor do we discern, any legal error in the post-conviction court's rulings on those claims.

Accordingly, the judgment of the post-conviction court is affirmed.

Affirmed.