364                     September 10, 2025                     No. 806

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DAVID MARK ADAMSON,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV46328; A179987

J. Burdette Pratt, Senior Judge.

Submitted May 29, 2024.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, Collateral Remedies Appeals, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this post-conviction proceeding, petitioner appeals the denial of relief on his claim of inadequate assistance of counsel for failing to object to out-of-court statements from the victims' sister and for failing to advise petitioner on his waiver of a jury trial given that nonunanimous jury verdicts would likely be ruled unconstitutional in the future. As explained below, petitioner failed to prove prejudice on his first claim, and his second claim is controlled by a prior decision that rejected a similar claim. Accordingly, we affirm.

We begin with a limited background consistent with our standard of review in post-conviction cases before turning to the arguments on appeal. *See Behrle v. Taylor*, 307 Or App 126, 130, 476 P3d 475 (2020), *rev den*, 367 Or 709 (2021) (explaining that we are bound by the post-conviction court's findings if there is any evidence to support its findings and that we review the court's legal conclusions for errors of law).

After a bench trial in 2017, petitioner was convicted of numerous crimes, including 43 sex offenses committed against his three granddaughters—LT, AM, and CG—who are sisters. There were no charges brought with respect to conduct against a fourth granddaughter, M. At the underlying criminal trial, the court admitted a video-recorded statement by CG, made during a forensic interview, that M had told her that "Grandpa" "made me have sex with him." Trial counsel did not object to that evidence. In this post-conviction proceeding, petitioner contended that CG's video-recorded statement was hearsay, and that trial counsel was ineffective and inadequate under Article I, section 11, of the Oregon Constitution and under the Sixth and Fourteenth Amendments to the United States Constitution in failing to object to its admissibility.

In rejecting petitioner's claim that trial counsel was deficient in failing to object to the evidence as hearsay, the post-conviction court concluded that trial counsel had made a reasonable strategic decision not to object to the evidence, based on counsel's determination that the single statement regarding the uncharged conduct against M would not have affected the trial court's consideration of the overwhelming

evidence on the charged offenses. The post-conviction court further concluded that petitioner had suffered no prejudice from trial counsel's decision not to object, because the trial court had made no reference to the challenged evidence in discussing the bases for its verdicts and, additionally, there was other admitted evidence relating to petitioner's sexual conduct toward M as to which petitioner had made no claim.

On appeal, petitioner challenges that ruling, arguing that the statement was inadmissible hearsay and that trial counsel's decision not to object was not a reasonable strategic decision. He contends, further, that counsel's deficient performance caused him prejudice, because it gave rise to "more than a mere possibility" that, if the evidence had been excluded, the outcome of the case would have been different. That is because, he asserts, the case turned primarily on credibility, and the challenged evidence bolstered the testimony of the three granddaughters but the absence of evidence regarding M could have created reasonable doubt as to their credibility.

To establish a claim for post-conviction relief based on inadequate assistance of counsel under both the state and federal constitutions, a petitioner must show by a preponderance of the evidence that defense counsel performed deficiently by failing to exercise reasonable professional skill and judgment and that the petitioner was prejudiced as a result of the deficient representation. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) (explaining that the "burden is on [the] petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that [the] petitioner suffered prejudice as a result"); *Behrle*, 307 Or App at 129 (noting that the standards under the state and federal constitutions are "functionally equivalent" in most areas).

We agree with the post-conviction court that any possible deficiency by trial counsel in failing to object to the disputed evidence did not prejudice petitioner. To demonstrate prejudice in the circumstances here, petitioner was required to establish both that an objection to the evidence would have been well-taken and that the admission of the

alleged objectionable evidence had a tendency to affect the verdict given the totality of the circumstances. *Logan v. State of Oregon*, 259 Or App 319, 327, 313 P3d 1128 (2013), *rev den*, 355 Or 142 (2014). In concluding that the alleged objectionable evidence had no tendency to have affected the trial court's verdict, the post-conviction court explained that there were other references at trial to abuse of M about which petitioner made no claim. Additionally, the trial court had made an explicit finding that LT, AM, and CG were credible and, in describing the evidence on which it had based its decision, the trial court made no mention of the disputed evidence. Rather, the trial court had focused expressly on the victims' testimony about the abuse of each of them, finding that they described the abuse in "idiosyncratic detail," with their own "separate, independent recollection" of what happened to them. Given the nature and content of the evidence before the trial court, as well as the trial court's explanation of its verdicts, the post-conviction court correctly concluded that trial counsel's failure to object to the disputed evidence would not have tended to affect the trial court's verdict. Accordingly, we conclude that the post-conviction court did not err in determining that, assuming that trial counsel was deficient in failing to object to the evidence, petitioner failed to prove that the deficiency caused prejudice.

In his second assignment of error, petitioner contends that the post-conviction court erred in rejecting his claim that trial counsel was ineffective and inadequate under both the state and federal constitutions by failing to advise him that nonunanimous jury verdicts would be deemed unlawful in the future. Citing our decision in *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), the post-conviction court concluded that trial counsel was not deficient, and that, in any event, petitioner failed to establish prejudice. The post-conviction court also concluded that petitioner's waiver of a jury trial was knowing, voluntary, and intelligent, and that petitioner did not prove that, if he had known that the law would change, he would have proceeded with a jury trial. On the latter issue, the post-conviction court found that petitioner's testimony was incredible on that point.

On appeal, petitioner argues that, although *Ramos v. Louisiana*, 590 US 83, 91-93, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that the Sixth Amendment to the United States Constitution requires a unanimous jury verdict to convict someone of a felony), was not decided until after petitioner's 2017 trial, trial counsel should have anticipated the *Ramos* decision and advised petitioner that he could have requested a unanimous jury instruction, polled the jury, and challenged the constitutionality of any nonunanimous jury verdict on direct appeal. Petitioner's argument is foreclosed by *Smith* and *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024). Accordingly, we conclude that the post-conviction court did not err.

In *Smith*, we explained that "the obligation to exercise reasonable professional skill and judgment—under either constitution—does not encompass an obligation to augur an about-face by the United States Supreme Court." 318 Or App at 569 (citing *Miller v. Lampert*, 340 Or 1, 15-16, 125 P3d 1260 (2006)). We explained that, before *Ramos*, "controlling United States Supreme Court precedent established that the Sixth and Fourteenth Amendments did not demand unanimous jury verdicts in criminal cases prosecuted in the state courts." *Id.* (citing *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972)). We held in *Smith* that reasonable counsel would not lapse in professional skill and judgment in failing to anticipate that that controlling precedent would be overruled. *Id.* at 569-70.

Petitioner contends that *Smith* was incorrectly decided and should be overruled or that it is distinguishable on its facts and is therefore not controlling here, where the asserted deficient advice was in the context of petitioner's decision whether to waive a jury trial. It is true that in *Smith*, the asserted deficiency was different—the failure to object to a nonunanimous jury instruction. That distinction, however, does not persuade us that *Smith* was incorrectly decided or that the reasoning of *Smith* does not apply with similar force under the circumstances of this case. *See State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017) (explaining that overruling a prior decision requires a party to establish that the decision was "plainly wrong," which is a

"rigorous standard grounded in presumptive fidelity to *stare decisis*"). Thus, we decline to overrule *Smith*, and we conclude that the same rationale applies: Prior to the Supreme Court's grant of *certiorari* in *Ramos*, counsel's failure to foresee *Ramos* and to have advised petitioner of the possibility that *Apodaca* would be overruled and that a conviction by a nonunanimous jury would be overturned does not constitute deficient performance. Accordingly, the post-conviction court did not err by rejecting petitioner's claim that trial counsel was ineffective and inadequate under both the state and federal constitutions.

For the same reason, we also reject petitioner's contention that he was prejudiced because his waiver of the right to a jury trial was not knowing. *See Peeler*, 328 Or App at 118-19 (explaining that a pre-*Ramos* waiver of jury trial right was knowing and intelligent because the petitioner was correctly informed about the scope of his Sixth Amendment rights at the time of the waiver). We, therefore, reject petitioner's second assignment of error.

Affirmed.