Submitted February 25, affirmed March 30, 2022

RONNIE SCOTT SMITH,
aka Ronnie Scott Medinger,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV160343; A173925

508 P3d 77

In this post-conviction proceeding, petitioner invokes *Ramos v. Louisiana*, 590 US \_\_\_, 140 S Ct 1390, 206 L Ed 2d 583 (2020), seeking relief from his 2015 convictions on the ground that his trial counsel rendered inadequate and ineffective assistance, in violation of his rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, by not objecting when the court instructed the jury that its findings did not need to be unanimous. The jury unanimously agreed that petitioner was guilty of sexual abuse but split 11-1 on whether petitioner was guilty of rape. *Held*: The law at the time of petitioner's conviction permitted criminal convictions by nonunanimous juries in cases tried in state courts. Neither Article I, section 11, nor the Sixth and Fourteenth Amendments, required counsel to foresee that in five years the Court would decamp from the path it had mapped in *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972).

Affirmed.

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Joyce, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In 2015, in a case tried to a jury in Multnomah County, petitioner was convicted of first-degree rape and first-degree sexual abuse. The law at the time, and for 43 years prior, permitted criminal convictions by nonunanimous juries in cases tried in state courts. So, without objection from petitioner's lawyer, the trial court instructed the jury that only 10 jurors need agree on defendant's guilt to convict. The jury unanimously agreed that petitioner was guilty of sexual abuse but split 11-1 on whether petitioner was guilty of rape.

In this post-conviction proceeding, petitioner invokes *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), to seek relief from his convictions on the ground that his trial counsel rendered inadequate and ineffective assistance of counsel, in violation of his rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, by not objecting to the instruction to the jury that it need not be unanimous. He also seeks relief on other grounds. The post-conviction court denied relief and entered judgment against petitioner. On appeal, petitioner raises multiple assignments of error. We reject all of them, writing only to discuss petitioner's claim regarding trial counsel's failure to object to the nonunanimous jury instruction.

We accept the post-conviction court's supported implicit and explicit factual findings and review for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). At issue in this matter are parallel claims of inadequate assistance of trial counsel under Article I, section 11, and ineffective assistance of trial counsel under the Sixth Amendment. To establish that his trial counsel rendered inadequate assistance for purposes of Article I, section 11, petitioner was required to prove two elements: (1) a performance element: that trial counsel "failed to exercise reasonable professional skill and judgment"; and (2) a prejudice element: that "petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance

of counsel under the Sixth Amendment. *Id*. To prevail on that claim, petitioner was required to demonstrate that "trial counsel's performance 'fell below an objective standard of reasonableness'" and also that "there was a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 700 (quoting *Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984)).

Petitioner's parallel claims fail as a matter of law at the first element. Petitioner asserts that, given *Ramos*, his lawyer's failure to object to the nonunanimous jury instruction constitutes a failure to exercise reasonable professional skill and judgment. The contention conflicts with Oregon Supreme Court precedent. Under that precedent, the obligation to exercise reasonable professional skill and judgment—under either constitution—does not encompass an obligation to augur an about-face by the United States Supreme Court. *Miller v. Lampert*, 340 Or 1, 15-16, 125 P3d 1260 (2006).

In this instance, when petitioner's case went to the jury, controlling United States Supreme Court precedent established that the Sixth and Fourteenth Amendments did not demand unanimous jury verdicts in criminal cases prosecuted in the state courts. *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972). That rule of law had been steady and stable for 43 years. *Ramos*, 590 US at ___ n 10, 140 S Ct at 1428 n 10 (Alito, J., dissenting) (listing cases in which the United States Supreme Court declined invitations to overrule *Apodaca*). Neither Article I, section 11, nor the Sixth and Fourteenth Amendments, required counsel to foresee that in five years the Court would decamp from the path it mapped nearly a half century earlier. *Miller*, 340 Or at 16 ("Counsel was not required to anticipate that two years later the United States Supreme Court would reverse course in *Apprendi* [*v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000)], interpret the Sixth Amendment and Due Process Clauses as the dissent had urged in *Almendarez-Torres* [*v. United States*, 523 US 224, 118 S Ct 1219, 140 L Ed 2d 350 (1998)], and read its decision in *Almendarez-Torres* as establishing only a narrow exception to the new rule

announced in *Apprendi*."); *see Ramos*, 590 US at \_\_\_, 140 S Ct
at 1420 (Kavanaugh, J., concurring) ("[A]s to ineffective-
assistance-of-counsel claims, an attorney presumably would
not have been deficient for failing to raise a constitutional
jury-unanimity argument before today's decision—or at
the very least, before the Court granted certiorari in this
case."); *see also, e.g.*, *State v. Thompson*, 324 So 3d 113, 119
(La Ct App 1st Cir 2021) (rejecting claim that counsel was
ineffective for not raising jury nonunanimity issue before
decision in *Ramos*).[1]

Affirmed.

---

[1] Louisiana and Oregon are the only two states that allowed nonunanimous
jury verdicts in felony cases leading up to the decision in *Ramos*. *See Ramos*, 590
US at \_\_\_, 140 S Ct at 1394.