***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied January 12, 2024 (371 Or 825)

BRETT A. VANSCOY,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
17CV11757; A177913

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

Petitioner appeals from a judgment denying his claims for post-conviction relief. We affirm.

In 2016, on the fifth day of his criminal trial, petitioner pleaded no contest to second-degree assault, unlawful use of a weapon, menacing, second-degree sexual abuse, first-degree burglary, and interference with making a report. The state, in return, dismissed, among other things, charges of first-degree rape, strangulation, and first-degree unlawful sexual penetration. The trial court accepted petitioner's plea and entered judgment accordingly.

Five years later, petitioner filed a post-conviction petition raising three claims for relief. The post-conviction court denied all three claims, and petitioner assigns error to the court's rulings on his second and third claims for relief. In support of his second claim for relief, petitioner argued before the post-conviction court that *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that the Sixth Amendment to the United States Constitution requires unanimous jury verdicts in state criminal proceedings), applies retroactively. The post-conviction court disagreed. It ruled that *Ramos* does not apply retroactively and that, even if it does, petitioner suffered no prejudice because he pleaded no contest midway through trial. Petitioner assigns error to that ruling.

We now know that *Ramos* applies retroactively in Oregon. *Watkins v. Ackley*, 370 Or 604, 634, 523 P3d 86 (2022). And petitioner relies on appeal on a line of inadequate assistance cases that led to guilty pleas to refute the post-conviction court's alternative "no prejudice" ruling. He argues that, if he had been advised that the Court was likely to hold at some future date that the Sixth Amendment requires unanimous jury verdicts in state criminal cases, he would not have pleaded no contest in 2016.

Petitioner's argument appears to be an admixture of a standalone *Ramos* claim in the context of a guilty plea and an inadequate assistance claim. To the extent that petitioner is arguing that his plea was not knowing because he was unaware when he pleaded no contest in 2016 that he

had a Sixth Amendment right to a unanimous jury verdict, his argument fails under our decision in *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023), decided this date. To the extent that petitioner is arguing that he suffered prejudice because his trial counsel was constitutionally inadequate for failing to advise him that the Court could hold, in the future, that the Sixth Amendment requires a unanimous jury verdict, his argument fails under our decision in *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

Petitioner also assigns error to the trial court's ruling denying his third claim for relief, a federal equal protection claim. In support of that claim, he notes that the Court observed in *Ramos* that "race was a motivating factor" in Oregon's adoption of its nonunanimous jury provision, *see* 140 S Ct at 1394, and he appears to argue that his no-contest plea was a product of that racially motivated provision. The post-conviction court found that petitioner's equal protection claim was procedurally barred because he could have raised it earlier and, alternatively, that petitioner had not demonstrated prejudice.

Even if we assume that petitioner could not reasonably have raised his equal protection claim until after the Court decided *Ramos*, his claim still faces multiple problems. First, petitioner does not argue on appeal, as he must when challenging a facially neutral rule, such as Oregon's nonunanimous jury rule, that the rule was motivated by discriminatory animus *and* that it has a racially disparate effect. *See Washington v. Davis*, 426 US 229, 239-42, 96 S Ct 2040, 48 L Ed 2d 597 (1976) (requiring proof of both prongs to establish that a facially neutral rule violates equal protection). Without establishing both prongs of the *Davis* analysis, petitioner has not proved a cognizable equal protection violation. Second, in resolving petitioner's first claim for relief, the post-conviction court found that, even if petitioner's trial counsel had told him that Oregon's nonunanimous jury provision was likely, at some point in the future, to be held in violation of the Sixth Amendment jury trial right, petitioner still would have pleaded no contest. Given that finding, we find it difficult to see how any

equal protection problem with Oregon's nonunanimous jury provision resulted in petitioner's decision to plead no contest. *Cf. Brady v. United States*, 397 US 742, 756, 90 S Ct 1463, 25 L Ed 2d 747 (1970) (upholding a finding that the petitioner's guilty plea resulted from factors other than the risk that asserting his Sixth Amendment right to a jury trial would expose him to the death penalty). Finally, petitioner does not explain how his equal protection claim adds anything to his Sixth Amendment claim under *Ramos*. Perhaps petitioner raised the equal protection claim as a hedge against the possibility that *Ramos* would not apply retroactively. But once the Oregon Supreme Court held that *Ramos* does apply retroactively, petitioner's equal protection claim, even if proven, appears to be merely cumulative. *Cf. Watkins*, 370 Or at 634 (noting but not reaching the equal protection concerns discussed in the concurring opinion). The post-conviction court did not err in denying petitioner's third claim for relief.

Affirmed.