***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied
February 15, 2024 (372 Or 63)

### AIRIAN JOVAN MISURACA,
*Petitioner-Appellant,*

*v.*

### STATE OF OREGON,
*Defendant-Respondent.*

Washington County Circuit Court
20CV36280; A177446

Eric Butterfield, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant. Airian Misuraca filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals the denial of his request for post-conviction relief (PCR) from his 2001 convictions after a guilty plea for rape and sexual abuse. Petitioner brought this PCR petition following the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), concluding that the Sixth Amendment to the United States Constitution requires that a jury reach a unanimous verdict to convict someone of a felony. Petitioner contends that his trial counsel was ineffective for failing to advise him that, had he gone to trial, the jury would have had to render a unanimous guilty verdict to convict him. He further contends that his plea was not knowing or voluntary because of counsel's erroneous advice. Both claims are foreclosed. *See Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (holding that trial counsel do not perform deficiently by failing to raise the unanimity issue before *Ramos* was litigated); *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023) (petitioner's pre-*Ramos* guilty plea was knowing and intelligent because he was correctly informed about the scope of that Sixth Amendment right as the United States Supreme Court had then interpreted it). We do not address petitioner's *pro se* assignments of error, in which he argues that the PCR petition should qualify for the statutory "escape clause" contained in ORS 138.510 and ORS 138.550 and be considered on its merits, because our disposition does not rely on a procedural bar contained in ORS 138.510 or ORS 138.550.

Affirmed.