***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied February 15, 2024 (372 Or 63)

ERIC JOHN HOWE,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV21637; A177642

J. Burdette Pratt, Senior Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. We affirm.

In 2011, petitioner waived his right to a jury trial and was convicted, after a bench trial, of compelling prostitution, first-degree sexual abuse, and several counts of using a child in a display of sexually explicit conduct. Petitioner sought post-conviction relief and offered evidence that he understood, when he waived his Sixth Amendment right to a jury trial, that he could be convicted by a nonunanimous jury. In ruling on petitioner's claims, the post-conviction court assumed that petitioner had waived his right to a jury trial based on that understanding.

Petitioner's post-conviction petition alleged two claims for relief. First, he alleged that his waiver of his Sixth Amendment right to a jury trial was not knowing, intelligent, and voluntary because he understood, incorrectly it later turned out, that he could be convicted by a nonunanimous jury. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that the Sixth Amendment to the United States Constitution requires unanimous jury verdicts in state criminal proceedings). Second, he alleged that his trial counsel was constitutionally inadequate for failing to foresee and advise him that Oregon's nonunanimous jury provision was likely to be overturned in the future. The post-conviction court denied both claims.[1]

Petitioner reasserts both claims on appeal, and we affirm the post-conviction court's rulings. Our decision in *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023), decided this date, resolves petitioner's first claim for relief, and our decision in *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), resolves his second.

Affirmed.

---

[1] The post-conviction court denied those claims based, in part, on its conclusion that *Ramos* did not apply retroactively in state post-conviction proceedings. *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), held otherwise, and the question on appeal is whether the court's disposition of those claims is otherwise correct.