***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, petition for review denied
December 21, 2023  (371 Or 771)

THOMAS MELVIN CORNELIUS,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Union County Circuit Court
20CV29031; A177443

Wes Williams, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erika L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In 2018, a jury convicted petitioner of felony possession of methamphetamine. In this post-conviction proceeding, he seeks relief from that conviction. On appeal, we accept the post-conviction court's supported implicit and explicit factual findings and review for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Applying that standard of review, we affirm.

Relying on *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner first asserts that his trial counsel rendered inadequate and ineffective assistance of counsel by not objecting to the instruction allowing for a nonunanimous jury verdict and for not polling the jury. Given the timing of petitioner's trial, that claim fails under *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

Petitioner next argues that his trial counsel rendered inadequate and ineffective assistance of counsel for not objecting to the prosecutor's question, on cross-examination of petitioner, asking whether petitioner knew what methamphetamine looked like. *See Smith*, 318 Or App at 568-69 (stating standards governing claims for inadequate and ineffective assistance under the state and federal constitutions). Petitioner asserts that counsel, exercising reasonable professional skill and judgment, would have objected to that question on the grounds that it was not relevant or, alternatively, that the danger of unfair prejudice substantially outweighed the probative value of any evidence elicited by that question. But petitioner's defense at trial was that his possession of methamphetamine was not knowing. The prosecutor's question sought highly relevant information and the possibility that the relevance of petitioner's answer would be substantially outweighed by the danger of *unfair* prejudice would have been slim at the time counsel had to make the split-second decision whether to object. Under those circumstances, counsel's failure to raise seemingly futile objections to the prosecutor's question does not reflect the suspension of reasonable professional skill and judgment. Petitioner's claim fails for that reason.

Affirmed.