***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied February 1, 2024 (372 Or 26)

LLOYD AUSTIN,
aka Lloyd Ervin Astin IV,
*Petitioner-Appellant,*

*v.*

Susan WASHBURN,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV43739; A177640

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. We affirm.

In 2009, petitioner was charged, in one case, with murder and related offenses and, in another case, with strangulation, interfering with making a report, and three counts of fourth-degree assault. In 2010, as part of a plea bargain resolving both cases, petitioner agreed to waive his right to a jury trial and to proceed with a stipulated facts trial on the murder and fourth-degree assault charges. The state agreed to dismiss the remaining charges. Based on the stipulated facts, the trial court found petitioner guilty of murder and three counts of fourth-degree assault.

In 2020, petitioner sought post-conviction relief, alleging two claims for relief. First, he alleged that he had been induced to accept the state's plea offer based on the incorrect belief that, if he elected a jury trial, he could be convicted by a nonunanimous jury.[1] *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that the Sixth Amendment to the United States Constitution requires unanimous jury verdicts in state criminal proceedings). As we understand petitioner's first claim for relief, he argued that, in light of *Ramos*, his waiver of his Sixth Amendment rights in 2010 was not knowing. Second, petitioner alleged that his trial counsel was constitutionally inadequate for failing to foresee and advise him that, in the future, Oregon's nonunanimous jury provision could be held unconstitutional.[2] The post-conviction court denied both claims for relief.

Petitioner renews both claims for relief on appeal. Our decision in *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206

---

[1] The post-conviction petition alleges that Article I, section 11, of the Oregon Constitution requires a unanimous jury verdict for murder convictions but not for other felonies. We accordingly understand petitioner to be arguing that, when he accepted the plea agreement, he incorrectly understood that a nonunanimous jury could convict him of the charged offenses except for murder. He does not argue otherwise on appeal.

[2] In support of both claims for relief, petitioner offered evidence that his trial counsel had told him that, if he chose a jury trial, he could be convicted by a nonunanimous jury. In ruling on petitioner's claims, the post-conviction court assumed that evidence was true.

(2023), answers petitioner's first claim,[3] and our decision in *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023), answers his second.

Affirmed.

---

[3] The post-conviction court denied petitioners claims based in part on its conclusion that *Ramos* does not apply retroactively in state post-conviction proceedings. *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), held that *Ramos* does apply retroactively, and the question on appeal regarding petitioner's first claim for relief is whether the post-conviction court's decision was otherwise correct.