612                    July 2, 2025                    No. 591

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ROBERT BRIAN GRAHAM,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,

Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
22CV20584; A182858

Patricia A. Sullivan, Senior Judge.

Submitted May 21, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner, who was convicted of first-degree arson, appeals a judgment denying him post-conviction relief. Petitioner claims that his trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to present and argue mitigating evidence at sentencing, including a psychological evaluation and medical records, that petitioner contends could have persuaded the trial court to impose a shorter sentence. The superintendent maintains that the post-conviction court did not err in denying relief.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id*.

In this case, having considered all of the parties' arguments, we conclude that the post-conviction court

did not err in denying relief. The trial court's express and implied factual findings support its conclusion that petitioner's trial counsel did not perform deficiently. We discern no errors of law in that determination. Because the performance issue is dispositive, we do not reach the parties' prejudice arguments.

Affirmed.