No. 590 July 2, 2025 609

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF
THE STATE OF OREGON

ZACHARY LAWRENCE BARTZ,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,

Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV01671; A181684

Claudia M. Burton, Senior Judge.

Submitted May 21, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner, who was convicted of 25 crimes in eight different cases in February 2019, appeals a judgment denying him post-conviction relief. Petitioner claims that his trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution by (1) failing to adequately advise him on the issue of nonunanimous jury verdicts and (2) advising him incorrectly on the issue of prison visitation by his significant other and child. The superintendent maintains that the post-conviction court did not err in denying relief.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, having considered all of the parties' arguments, we conclude that the post-conviction court did not err in denying relief.

Petitioner first claims that his trial counsel provided constitutionally inadequate and ineffective assistance by failing to advise him during plea negotiations of the possibility of a change in the law on nonunanimous verdicts. That claim fails under existing case law, as petitioner acknowledges, and we decline any invitation to overrule our prior decisions. *See Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (the petitioner's trial counsel did not provide constitutionally deficient assistance by failing to object to the nonunanimity instruction given during a 2015 trial, because the instruction was consistent with controlling United States Supreme Court precedent at that time); *Peeler v. Reyes*, 328 Or App 110, 119, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024) (relying on *Smith* to reject the petitioner's argument that constitutionally adequate counsel would have foreseen the overruling of *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), and advised the petitioner of that possibility in 2007 before he pleaded guilty pursuant to a plea agreement).

Petitioner next claims that his trial counsel provided constitutionally inadequate and ineffective assistance by giving "erroneous advice regarding visitation with [petitioner's] significant other and child" and that, as a result, petitioner's guilty pleas were not knowing, intelligent, and voluntary. Given the post-conviction court's express and implied factual findings, which include credibility findings unfavorable to petitioner, the post-conviction court did not err in rejecting those claims. Because the performance issue is dispositive, we do not reach the parties' prejudice arguments.

Affirmed.