106 December 24, 2025 No. 1126

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

HUGO RESENDIZ-ZARRAGA,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV28991; A183737

W. D. Cramer, Jr., Senior Judge.

Submitted November 24, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals a judgment denying post-conviction relief. After a jury trial, petitioner was convicted of sex crimes committed against his stepdaughter when she was 10 to 12 years old. Once the judgment of conviction was final, petitioner sought post-conviction relief. The post-conviction court granted relief on counts for which the jury returned nonunanimous verdicts, and it otherwise denied relief. On appeal, petitioner argues that his trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by not objecting during rebuttal direct examination when a detective used the word "truthful" in reference to petitioner's admissions to a different law enforcement officer in a different state who interviewed petitioner at the detective's request. The post-conviction court denied relief, and petitioner appeals. The superintendent maintains that the court did not err in denying relief. We agree with the superintendent and, accordingly, affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there

is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, having considered the parties' arguments and the record, we conclude that the post-conviction court did not err in denying relief. Even assuming *arguendo* that trial counsel should have objected and that the statement would have been stricken had an objection been made, the post-conviction court's findings support its conclusion that petitioner failed to prove prejudice. Because the prejudice issue is dispositive, we need not decide whether counsel's performance fell short of the constitutional standard in these particular circumstances.

Affirmed.