340 December 31, 2025 No. 1160

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RYAN MATTHEW NYBURG,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
23CV06279; A183811

Patricia A. Sullivan, Senior Judge.

Argued and submitted December 2, 2025.

Andy Simrin argued the cause for appellant. Also on the brief was Andy Simrin PC.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Petitioner appeals a judgment denying post-conviction relief. A jury convicted petitioner of one count of first-degree sexual abuse and acquitted him of three other counts of the same crime. In post-conviction, petitioner claimed that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution by not retaining an expert to testify about the phenomenon of false memories among child sexual abuse victims. The post-conviction court denied relief, and petitioner appeals. The superintendent maintains that the court did not err in denying relief. We agree with the superintendent and, accordingly, affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). To succeed on a claim of inadequate assistance under the Oregon Constitution, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs [a] petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, having considered the parties' arguments and relying on the findings of the post-conviction court, we conclude that the court did not err in denying post-conviction relief because petitioner failed to carry his burden to show that trial counsel was constitutionally deficient. In support of his post-conviction claim, petitioner offered an assessment from Dr. Reisberg, who is an expert about child memory and suggestibility. Reisberg reviewed the exhibits offered at petitioner's trial, including a forensic interview with the victim, and, according to petitioner, "Dr. Reisberg's testimony would have identified for the jury all the reasons that would support the possibility that the memories of [the victim] were a product of suggestion and therefore unreliable."

Trial counsel Kolego—whom the post-conviction court found to be credible—explained that he had contemplated using an expert, like Reisberg, to testify about child memory issues. Kolego decided not to use Reisberg (or a similar expert) for several reasons:

- Kolego was concerned that a memory expert would draw the jury's attention from "the facts of the case" and turn the trial into "a battle of the experts" where the state could present compelling counter experts in a rebuttal case and have the last word before the jury deliberated. He instead chose to impeach the victim with inconsistencies and focused on the role of the victim's mother in questioning the victim about the abuse;

- Kolego knew that Reisberg had testified on behalf of defendants in Lane County over a half dozen times and that none of those cases had resulted in acquittals. Additionally, Kolego was aware that prosecutors had been able to discredit Reisberg on cross-examination;

- Kolego was also concerned that Reisberg's testimony would be limited to general testimony about the dangers of repeated questioning by the mother and the forensic interview to avoid improper vouching. Trial counsel was able to make these points without the expert testimony while avoiding the risks associated with cross-examination of Reisberg and testimony by the state's experts, the latter of which could have emphasized Reisberg's lack of direct contact with the victim and her mother and his fee structure.

Based on that evidence, the post-conviction court concluded that Kolego's decision not to call an expert on child memory, like Reisberg, was a reasonable trial strategy—one that resulted in petitioner being acquitted of three of the four charges against him—and that petitioner had failed to show that no reasonable trial attorney would have pursued the same defense strategy.

We agree with the post-conviction court that trial counsel's considerations were reasonable. Although petitioner may be correct that another lawyer would have made a different decision, that alone does not render trial counsel's performance unreasonable. *Krummacher v. Gierloff*, 290 Or 867, 881, 627 P2d 458 (1981) (reasonable, tactical decisions will constitute adequate assistance even where "another lawyer would have tried the case differently"). Thus, for the reasons explained by the post-conviction court, we affirm the judgment denying post-conviction relief.[1]

Affirmed.

---

[1] Because the performance issue is dispositive, we need not address prejudice.