No. 98          February 11, 2026          129

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MARIA LYNN MOLINA,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

Washington County Circuit Court
20CV10086; A183547

Patricia A. Sullivan, Senior Judge.

Submitted January 7, 2026.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner appeals a judgment denying post-conviction relief. After pleading guilty pursuant to a plea agreement, petitioner was convicted of one count of murder. Once the judgment of conviction was final, she sought post-conviction relief. We limit our discussion to the one post-conviction claim at issue on appeal. Petitioner claims that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by not moving to withdraw from representing her. The gist of petitioner's claim is that trial counsel was physically limited as the result of a past heart attack and that such limitations resulted in deficient performance by counsel and prejudice to petitioner. The post-conviction court denied relief, and petitioner appeals. The superintendent maintains that the court did not err in denying relief. We agree with the superintendent and, accordingly, affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent

that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id*.

Having reviewed the record and considered the parties' arguments, and relying on the findings of the post-conviction court, we conclude that the court did not err in denying post-conviction relief. As a threshold matter, based on our record review, we agree with petitioner that the post-conviction court's ruling was based on the performance prong of the analysis, without reaching the prejudice prong, and therefore reject the superintendent's procedural argument for affirmance. On the merits, however, we agree with the superintendent. The post-conviction court concluded that petitioner had not shown that her trial counsel "was ineffective or incompetent due to his health or otherwise," noting the lack of evidence of "any mental or cognitive impairment" and the fact that petitioner "had the opportunity to tell the [trial court] that she was dissatisfied with Trial Counsel and did not do so" but instead "specifically affirmed at entry of plea that she was satisfied with his services."

We are unpersuaded that the post-conviction court committed any error of law in so concluding. Although there is evidence that trial counsel had physical limitations in the later years of his life, and even some evidence that he might have performed at a higher level at an earlier point in his career, that does not mean that counsel's assistance to petitioner was constitutionally deficient. *See Krummacher v. Gierloff*, 290 Or 867, 872-74, 627 P2d 458 (1981) (emphasizing that the constitutional inquiry must focus on the specifics of the lawyer's actual representation in the specific case; acknowledging that there is necessarily a degree of subjectivity in assessing adequacy because advocacy "involves not only the performance of specific tasks, but also the exercise of art and professional judgment"; and recognizing "the remarkable variety of effective advocacy displayed daily in our trial courts by competent lawyers of differing approach, style, personality, temperament, and strategic inclinations"). The post-conviction court did not err in concluding on this record that petitioner failed to prove constitutionally

inadequate or ineffective assistance. We affirm the judg-
ment denying post-conviction relief.

      Affirmed.