No. 99		February 11, 2026		133

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JORGE ANTONIO GARCIA-RUIZ,
*Petitioner-Appellant,*

*v.*

Jeremy BEAUMONT,
Superintendent,
Warner Creek Correctional Facility,
*Defendant-Respondent.*

Lake County Circuit Court
22CV02169; A184750

David M. Vandenberg, Judge.

Submitted January 7, 2026.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals a judgment denying post-conviction relief. After a trial to the court, petitioner was convicted of second-degree robbery. Once the judgment of conviction was final, he sought post-conviction relief. Petitioner raises two assignments of error. He first claims that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to adequately object to the use of restraints during trial. He next claims that, if trial counsel did adequately preserve the issue, then appellate counsel was inadequate and ineffective in failing to assign error to the restraints ruling on direct appeal. The post-conviction court denied relief on both claims, and petitioner appeals. The superintendent maintains that the court did not err in denying relief. We agree with the superintendent and, accordingly, affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as

to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, having reviewed the record and considered the parties' arguments, and relying on the findings of the post-conviction court, we conclude that the court did not err in denying post-conviction relief. Regarding trial counsel, the post-conviction court ruled that petitioner had not proven either deficient performance or prejudice, and we find no error in that ruling in either regard. We are unpersuaded that it was constitutionally deficient performance not to object to the use of restraints in the circumstances here, given that it was a bench trial and given the trial court's known practices regarding restraints in bench trials at that time. We are also unpersuaded on this record that petitioner established prejudice. As for appellate counsel, we agree with petitioner that trial counsel did not preserve a claim that the restraints were unjustified under existing law—and, consequently, need not address petitioner's conditional second assignment of error.[1] We affirm the judgment denying post-conviction relief.

Affirmed.

---

[1] Petitioner was in restraints when he arrived for trial. After the lunch recess, the trial court indicated that it had met with counsel for both parties in chambers and, at the state's request, was going to make a record on the issue of restraints. The court noted that the jail had requested restraints, and it ruled that the use of ankle restraints with a belly chain and restraint of petitioner's nondominant hand was "appropriate." After ruling, the court asked defense counsel if he wanted to put anything on the record. Defense counsel responded, "Judge, I will just briefly object to that finding, concerning [petitioner] previously had been in the court and had been unrestrained. But, given the findings that Your Honor has made, I understand that, so I'll just note my objection." The vagueness of that objection—and it seemingly being limited to the fact that petitioner was not restrained in some unspecified prior proceeding—cause us to agree with petitioner that it did not preserve for appeal a claim that the restraints were unjustified under existing law.