No. 296 April 8, 2026 463

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

PAUL MICHAEL McCONNELL,
*Petitioner-Appellant,*

*v.*

Amber SUNDQUIST,
Superintendent,
Deer Ridge Correctional Institution,
*Defendant-Respondent.*

Jefferson County Circuit Court
21CV32538; A184415

Patricia A. Sullivan, Senior Judge.

Submitted March 4, 2026.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner was charged with six sexual offenses against his minor stepdaughter, K. He waived his jury trial right, and the charges were tried to the court. The court found petitioner guilty of one count of first-degree sexual abuse and acquitted him of the other five charges. Once his conviction was final, petitioner sought post-conviction relief, which was denied. On appeal, in a single assignment of error, petitioner argues that the post-conviction court erred in denying relief on his claim that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution by failing to object to a vouching statement made by a detective during his trial testimony. As explained below, we affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we

will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, the state called a detective to testify at petitioner's trial, and the prosecutor included in direct examination a series of questions about the investigation. As part of that series of questions, the prosecutor asked what the detective thought and did after reviewing the information he received early in the investigation. The detective sought clarification of the question. The prosecutor tried to clarify, stating, "You know, when you read everything in terms of whether a crime had occurred or what you were going to do, you said you exonerate and close out a case—what did—." Petitioner's trial counsel objected that the question called for a legal conclusion, then added, "I guess I don't understand your question." The trial court said that it understood the question, that it was allowed, and that the witness could answer. The detective then testified,

> "Okay, from the information I was getting, I found that a crime had occurred that I had probable cause to believe there was a crime. [K] being the victim of that crime and [petitioner] being the suspect of that crime.

> "That was from information given to me by Deputy Slinger's report by [K's mother] and by the Children's Center report."

Petitioner claims that his trial counsel provided inadequate and ineffective assistance by failing to object to that answer as impermissible vouching. Vouching refers to "the expression of one's personal opinion about the credibility of a witness." *Davis v. Cain*, 304 Or App 356, 363, 467 P3d 816 (2020). It encompasses both positive and negative opinions of another witness's credibility. *Id.* "Not all vouching takes the form of overt statements that a witness is trustworthy. Some vouching is subtler, and certain statements might be vouching in some contexts but not others. Accordingly, it is important to consider each statement in the context in which it was made." *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). The rule against vouching "applies to both direct comments and other statements *** that are tantamount to comments on the veracity of other witnesses." *Id.* (internal quotation marks omitted).

The post-conviction court denied relief on petitioner's claim, based on his having failed to prove deficient performance and also having failed to prove prejudice. We agree on both points. Not all constitutionally adequate counsel would have objected to the testimony at issue, given the context in which it occurred—which suggested that it was meant only to explain part of the sequence of events in the investigation, not to relay the detective's opinion on witness credibility—and given the detective's simultaneous acknowledgement that his probable cause determination was based on limited information. Constitutionally adequate counsel could reasonably conclude that the detective's statement was not vouching, or at least that it was not being offered for a vouching purpose and that objecting would not be worthwhile. *See State v. Chandler*, 360 Or 323, 334, 380 P3d 932 (2016) (a statement about another witness's credibility "is subject to the categorical prohibition against vouching evidence only if the statement is offered for the truth of the credibility opinion that it expresses"); *State v. Corkill*, 262 Or App 543, 552, 325 P3d 796, *rev den*, 355 Or 751 (2014) (true vouching is testimony offered to "bolster or undermine the veracity of another witness").

Further, given the trial court's explanation for finding defendant guilty of one count of first-degree sexual abuse (and acquitting him of the remaining five counts), we also agree that petitioner failed to prove prejudice. That is, even assuming *arguendo* that a vouching objection would have been successful and resulted in the answer being stricken, the record strongly suggests that the trial court did not rely on or even consider the detective's early probable cause assessment in reaching its verdict.

Affirmed.