726 April 22, 2026 No. 328

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

AARON SCOTT ALTABEF,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
22CV38042; A185502

Lung S. Hung, Judge.

Submitted March 18, 2026.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

A jury convicted petitioner of first-degree sodomy and first-degree sexual abuse. After his convictions became final, petitioner filed for post-conviction relief; he alleged, among other things, that the trial counsel in his criminal case had provided constitutionally inadequate assistance in two respects: (1) failing to object when the prosecutor asked the eight-year-old victim leading questions and (2) failing to call a witness who would have testified to petitioner's good character for sexual propriety.[1] The post-conviction court denied both claims for relief, ruling that petitioner's trial lawyer had made reasonable tactical decisions in both instances. On appeal, petitioner assigns error to those rulings. We affirm.

The relevant legal principles are well established. Both the state and federal constitutions guarantee a criminal defendant the right to adequate assistance of counsel. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A person convicted of a crime is entitled to post-conviction relief if the person proves by a preponderance of the evidence that their counsel "failed to exercise reasonable professional skill and judgment, and that the [person] suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017); *see Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (explaining that essentially the same standards apply to inadequate assistance claims brought under both constitutional provisions).

As the Supreme Court has recognized, lawyers often face competing choices in deciding how to investigate and try their cases. *Pereida-Alba v. Coursey*, 356 Or 654, 662, 342 P3d 70 (2015). As a result, "[w]e have been careful not to second-guess a lawyer's tactical decisions with the benefit of hindsight; rather, we have asked whether those decisions reflected, at the time they were made, a reasonable exercise of professional skill and judgment." *Id.* With that preface, we turn to the two claims of inadequate assistance that petitioner pursues on appeal.

---

[1] We use the phrase "trial counsel" to refer to petitioner's counsel in the criminal case rather than his trial counsel in the post-conviction proceeding.

*Failure to object to leading questions.* In deciding a related inadequate assistance claim, which petitioner does not pursue on appeal, the post-conviction court explained that the victim experienced difficulties testifying at petitioner's criminal trial. The court found that "the victim * * * use[d] paper to write out her testimony, then read from that writing. The prosecutor [asked questions to] clarify [the] words that the victim read [to the jury] as they were hard to understand."

In considering petitioner's claim that his trial counsel should have objected to the prosecutor's leading questions, the post-conviction court explained that, although some of the prosecutor's questions were leading, those questions were not extensive and that "[m]any of the leading questions were clarifying questions where the answer had already been stated." The court also observed that OEC 611 gives lawyers some leeway in asking a child witness leading questions. Consistently with that observation, the court reasoned that it was unlikely that an objection would have been sustained, and it noted that petitioner's trial counsel had been concerned that repeated objections would have prolonged the child's testimony and risked alienating the jury.

The post-conviction court concluded that, in those circumstances, "[n]ot objecting seemed to be a reasonable tactical decision." Petitioner does not argue on appeal that the post-conviction court's explicit and implicit factual findings are not supported by the record. Although he argues that the prosecutor's questions repeatedly put words in the victim's mouth, that characterization does not seem completely accurate. As the post-conviction court observed, the prosecutor's questions mostly clarified what the witness had already stated. Moreover, petitioner does not dispute that OEC 611 gives lawyers some leeway in asking a child witness leading questions, nor does he provide any reason to question his trial counsel's concern that prolonging the child's testimony with repeated objections risked alienating the jurors. The post-conviction court did not err in concluding that trial counsel made a reasonable tactical decision not to object.

*Failure to call a witness.* Petitioner argues that his trial counsel should have called his former girlfriend Zayas

to testify about his "good character for sexual propriety." In analyzing that claim, the post-conviction court observed that, if Zayas had offered her opinion regarding petitioner's good character for sexual propriety, the prosecutor could have asked her on cross-examination if she was aware that petitioner had sexually abused his brother when petitioner and his brother were 12 and seven years old respectively. Given that possibility, the court ruled that petitioner's trial counsel made a reasonable tactical decision not to call Zayas.

On appeal, petitioner argues that the line of cross-examination the post-conviction court identified "would not have been proper impeachment, because it would not rebut whether petitioner as an adult acted sexually inappropri-ate[ly] with children." As we understand petitioner's argument, it assumes that his sexual propriety toward children as an adult was different from his sexual propriety toward children when he was a youth. It may be, as petitioner's argument assumes, that petitioner aged out of his sexually abusive behavior toward children as he matured. However, it also may be that his sexually abusive behavior continued into his adult years.

Whether petitioner's sexual impropriety toward children changed as he got older presents a question of fact, which the post-conviction court tentatively resolved against him when it found that calling Zayas as a witness would have exposed her to cross-examination about petitioner's childhood sexual abuse of his brother. Petitioner identifies no evidence in the record that would have required the post-conviction court (or his trial counsel) to reach a different conclusion. Beyond that, even if Zayas could have explained, when cross-examined, why she adhered to her opinion about petitioner's current character for sexual propriety, it does not follow that the prosecutor could not seek to impeach her opinion by asking if she was aware of petitioner's earlier sexual abuse of his brother. The post-conviction court did not err in concluding that petitioner's trial counsel made a reasonable tactical decision not to call Zayas.

Affirmed.