No. 506 June 3, 2026 339

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BRIAN NEAL CLEMENT,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
22CV35556; A186295

J. Burdette Pratt, Senior Judge.

Submitted May 12, 2026.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals a judgment denying post-conviction relief. After he pleaded no contest in a global plea to a series of charges arising out of multiple burglaries and thefts, the trial court sentenced petitioner to 116 months' imprisonment. Petitioner subsequently sought post-conviction relief, claiming that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to object to the state's introduction of evidence at sentencing that petitioner had stolen a gun in Washington State that was later used to kill a police officer. That theft was not one of the charges at issue in petitioner's case, and petitioner claimed that the introduction of that evidence was irrelevant, inflammatory, and violated due process, and led to his 116 month sentence, instead of the shorter one that he advocated for. The post-conviction court denied relief, and petitioner appeals. Respondent maintains that the court did not err in denying relief. We affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 701, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there

is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id*.

In this case, having considered the parties' arguments, and relying on the findings of the post-conviction court, we conclude that the court did not err in denying post-conviction relief. Evidence of the kinds of harm that flowed from petitioner's repeated criminal activity was relevant to the trial court's sentencing decision. And although the evidence was inflammatory and prejudicial to petitioner, he has not established that it was so *unfairly* prejudicial that there was a legal basis to prevent the state from introducing it. *See*, *e.g.*, ORS 137.090 (permitting the trial court to consider "any other evidence relevant to aggravation or mitigation that the court finds trustworthy and reliable"); *State v. Aranda*, 372 Or 363, 379, 550 P3d 363, 379 (2024) (recognizing that the federal constitution can prohibit the introduction of evidence under a "fundamental fairness" inquiry only when "the introduction of th[e] type of evidence [at issue] is so extremely unfair that its admission violates fundamental conceptions of justice" or "so infuses the trial with unfairness as to deny due process of law") (internal citations omitted). Moreover, part of petitioner's sentencing strategy was to admit responsibility and demonstrate his commitment to change and petitioner himself admitted to the challenged fact in his statement to the court. With that, the post-conviction court did not err when it determined that petitioner did not demonstrate that all reasonable attorneys would have objected to the introduction of the evidence, or that such an objection would have been successful.

Additionally, as the post-conviction court determined, there was "ample reason in the record" for the court to impose a 116 month sentence and petitioner did not demonstrate "that a reasonable judge imposing a sentence in Petitioner's cases could have likely imposed a lesser sentence if there had been no mention of a gun stolen in Washington being used to kill an officer." As a result, the post-conviction court did not err when it determined that

petitioner did not establish prejudice as required to prove his claims. *See Green v. Franke*, 357 Or 301, 323, 350 P3d 188 (2015) (A petitioner establishes prejudice under Article 1, section 11 only when he demonstrates that counsel's deficient performance "could have tended to affect the outcome of the case."); *Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (A petitioner establishes prejudice under the Sixth Amendment only when he demonstrates a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Affirmed.