No. 1131 December 24, 2025 121

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

NORMAN GAILEEN GOULD,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
*Defendant-Respondent.*

Marion County Circuit Court
22CV02320; A184311

Patricia A. Sullivan, Senior Judge.

Submitted November 24, 2025.

Corbin Brooks and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals a judgment denying post-conviction relief. A jury found petitioner guilty of first-degree assault and unlawful use of a weapon, which merged into a single conviction for first-degree assault, and found him not guilty of unauthorized use of a vehicle and two counts of first-degree robbery. After the judgment of conviction was final, petitioner sought post-conviction relief. Petitioner claims that trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to object to evidence that petitioner invoked his right to counsel while talking to law enforcement. Petitioner contends that trial counsel should have objected and moved for a mistrial or curative instructions. The post-conviction court denied relief, and petitioner appeals. The superintendent maintains that the court did not err in denying relief. We agree with the superintendent and, accordingly, affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent

that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id*.

In this case, having considered the parties' arguments and the record, we conclude that the post-conviction court did not err in denying relief. We agree with the superintendent's characterization of the evidence at issue as "fleeting and inconspicuous," and we agree with the post-conviction court that failing to object to it was not constitutionally deficient performance. We also agree with the post-conviction court's conclusion that petitioner failed to prove prejudice. For both reasons, we affirm the judgment denying post-conviction relief.

Affirmed.