No. 425 May 13, 2026 645

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JESUS RAMIRO SOTO,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CV19325; A185043

W. D. Cramer, Jr., Senior Judge.

Submitted April 22, 2026.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Petitioner appeals a judgment denying post-conviction relief. After a trial to the court, petitioner was convicted of unlawful sexual penetration and possession of a firearm; he was acquitted of menacing. Once the judgment of conviction was final, petitioner sought post-conviction relief. Petitioner claims that his trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to argue that petitioner lacked the requisite mental state for the charged crimes due to being intoxicated from methamphetamine use. The post-conviction court denied relief, and petitioner appeals. The superintendent maintains that the court did not err in denying relief. We agree with the superintendent and, accordingly, affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 701, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). That a different attorney might have made a different strategic choice does not itself establish deficient performance. *Krummacher v. Gierloff*, 290 Or 867, 881, 883, 627 P2d 458 (1981).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent

that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id*.

In this case, having reviewed the record and considered the parties' arguments, we conclude that the court did not err in denying post-conviction relief. The post-conviction court denied relief both on the ground that trial counsel's performance was not constitutionally deficient and on the ground that petitioner was not prejudiced by counsel's strategic choice not to argue that defendant's methamphetamine use caused him to lack the requisite mental state for the crimes. On this record, we agree on both issues. We affirm the judgment denying postconviction relief.

Affirmed.