No. 502     June 3, 2026     327

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SHANE FRITZ ESPY,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
22CV25854; A185683

J. Burdette Pratt, Senior Judge.

Submitted May 13, 2026.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Interim Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals a judgment denying post-conviction relief. Pursuant to a plea agreement that was re-offered on the morning of trial, petitioner pleaded guilty to second-degree rape, second-degree unlawful sexual penetration, and tampering with a witness. He later unsuccessfully tried to withdraw his plea. Once his convictions were final, petitioner initiated this post-conviction proceeding. Petitioner claims that his trial counsel provided inadequate assistance under Article I, section 11, of the Oregon Constitution and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution, by failing to retain a psychological expert to testify at the plea withdrawal hearing. In petitioner's view, an expert would have bolstered his own testimony about the effect of Tourette's Syndrome on his understanding of the plea deal. The superintendent maintains that the post-conviction court did not err in denying relief. We agree with the superintendent and, accordingly, affirm.

A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, and the Sixth Amendment. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of those rights entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result of counsel's inadequacy." *Johnson v. Premo*, 361 Or 688, 699, 701, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent

that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts consistently with its conclusions of law. *Id.*

In this case, having considered the parties' arguments, and relying on the findings of the post-conviction court, we conclude that the court did not err in denying post-conviction relief. Trial counsel's performance was not constitutionally deficient under the circumstances. Moreover, on this record, the post-conviction court did not err in concluding that petitioner failed to prove that the lack of a psychological expert at the plea withdrawal hearing prejudiced him. Of particular note in that regard is the evidence of trial counsel's repeated discussions of the plea offer with petitioner over a prolonged period, trial counsel's and the trial court's personal observations of petitioner on the day of the plea, petitioner's statements when accepting the plea, and the trial court's explanation for not allowing withdrawal of the plea. For both reasons, we affirm the judgment denying post-conviction relief.

Affirmed.